IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SECURITY ALARM FINANCING )
ENTERPRISES, L.P., )
 )
        Plaintiff, )
 )
    v. ) No. 05 C 6786
 )
INVESTMENT MANAGEMENT CORPORATION, )
 )
        Defendant. )

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Security Alarm Financing Enterprises, L.P. ("SAFE") alleges that, in accordance with the parties' "Monitoring Agreement," it provided security monitoring services for buildings managed by defendant Investment Management Corporation ("IMC"). IMC allegedly has terminated or repudiated the Monitoring Agreement. Plaintiff alleges that IMC owes it close to $1,000,000 in past due payments, termination fees, and possible ongoing fees until the monitoring services are actually discontinued.[1] In the original complaint, IMC is the only named defendant.

---

[1] To the extent full services continue to be provided, approximately $22,000 in fees accrues each month, which also decreases the termination fees some. For present purposes, it is sufficient to assume that the value of damages and declaratory relief is $1,000,000. At a minimum, the alleged damages total $910,420.63.

Plaintiff has moved to amend the complaint to add the owners of the various buildings and also an alleged alter ego of IMC.[2] In the PAC, plaintiff identifies all the buildings by address and some by name as well.[3] The buildings are divided into 24 sets based on who owns them. See PAC ¶ 5. Some sets may include only one building, while others apparently include multiple buildings which may or may not be at adjoining addresses. The beneficial interest holder for each set is alleged, all but one of which is an Illinois limited partnership.[4] As to some sets, a legal fee holder is also alleged. Sometimes it is the partnership itself and sometimes it is the trustee of a land trust. All the beneficial interest holders and all the legal fee holders (collectively "Holders") are named as defendants in the PAC. The trustee for each of the trusts is Chicago Title Land Trust Company ("Chicago Title"). In the case caption, Chicago Title is named as a defendant nine

---

[2]Plaintiff provided a proposed amended complaint adding only the owners. Plaintiff then filed an amended motion to file a first amended complaint which also includes the alleged alter ego. The original motion to amend will be denied without prejudice as moot. The proposed amended complaint under consideration is the amended version including the alter ego. This version will hereinafter be referred to as the PAC (proposed amended complaint).

[3]The one exception is East Gate Apartments, which is identified only by name. PAC ¶ 5(j).

[4]The one exception is East Gate Apartments. Plaintiff does not allege what type of entity East Gate Apartments may be.

times, each time in its capacity as a trustee of one of nine different trusts. Chicago Equity Trust ("CEF") is alleged to be IMC's alter ego.

The PAC contains five counts. Count I is for a declaratory judgment construing the termination provisions of the monitoring agreement. This count apparently is against IMC only, but could be construed as against all the defendants. Count II is against IMC only for anticipatory repudiation and breach of contract. Count III is against CEF for damages based on CEF being IMC's alter ego. Count IV is against all the Holders for breach of contract. In Count IV, it is alleged that IMC did not execute the Monitoring Agreement on behalf of itself, but as the general partner and/or agent of each of the respective Holders. It is further alleged: "Each of the [Holders] is jointly and severally liable along with IMC, for that portion of the total liability under the Monitoring Agreement which each [Holder's] respective Building(s) bear(s), with respect to the services to be provided under the Monitoring Agreement, to the Buildings as a whole." PAC ¶ 48 (emphasis added). Nothing is alleged to determine what any particular Holder's portion may be. Count V is a breach of contract claim against all defendants for additional monitoring fees that may accumulate until monitoring services are actually suspended.

SAFE is alleged to be a limited partnership with two

be "a resident and citizen of California." PAC ¶ 2.[5] The other partner is a corporation alleged to be incorporated in Delaware with its principal place of business in Connecticut. Id. Both IMC and CEF are alleged to be "an Illinois not-for-profit corporation with its principal place of business located in Chicago, Illinois." Id. ¶¶ 3-4. As to the Holders, it is alleged: "Each of the Partnerships is an Illinois limited partnership, none of whose general or limited partners are residents or citizens for purposes of federal subject matter jurisdiction of California, Delaware, or Connecticut." Id. ¶ 6. There is no allegation regarding the citizenship of Chicago Title, which apparently is a corporation. Neither is there any allegation regarding the citizenship of East Gate Apartments, which is not alleged to be a partnership.

When plaintiff presented its initial motion to amend, the court questioned the adequacy of the allegations regarding both the citizenship of the Holders and the amount in controversy

---

[5]For purposes of diversity jurisdiction, an individual's citizenship is determined by his domicile, not his residence. See Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002); Mifflin v. Clark, 2006 WL 1380017 *1 (S.D. Ill. May 15, 2006); Kabes v. School District of River Falls, 387 F. Supp. 2d 955, 977 (W.D. Wis. 2005). Here, plaintiff does not simply allege that Sargenti is a resident of California, but also that he is a citizen of California. In light of the loose manner in which plaintiff has pleaded the citizenship of proposed defendants, however, plaintiff should make sure that Sargenti is domiciled in California. The amended complaint that is actually filed should refer to domicile. For present purposes, it will be assumed Sargenti is a citizen of California.

regarding each particular Holder. IMC raised no substantive issue regarding the merits of the pleading, generally declining to take any position on the ground that the new allegations concerned new defendants, not IMC. Plaintiff was ordered to file a brief in support of jurisdiction. IMC was given the opportunity to file a brief as well, but did not. Plaintiff failed to provide any further information regarding the citizenship of the Holders, instead focusing on the amount in controversy. Plaintiff apparently concedes that the portion of damages for all or some of the Holders are at or less than the $75,000 threshold for diversity jurisdiction. See 28 U.S.C. § 1332(a). Since $1,000,000 divided by 24 is $41,666.67, at least some of the Holders' shares of alleged damages is below the jurisdictional amount and possibly each Holder's share is below the jurisdictional amount. Plaintiff, however, contends that damages can be aggregated regarding each defendant because it alleges joint and several liability.

Plaintiff bears the burden of affirmatively pleading the requirements for diversity jurisdiction. McCready v. eBay, Inc., 453 F.3d 882, 890-91 (7th Cir. 2006); McNeal v. Parsons, 2006 WL 2038588 *1 (N.D. Ind. July 19, 2006); Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure Jurisdiction 2d § 3611 at 516-17 (1984). Plaintiff has not adequately alleged the citizenship of the Holders. Plaintiff

adequately alleged the citizenship of the Holders. Plaintiff does not allege what type of entity East Gate Apartments is and does not allege the place of incorporation or principal place of business for Chicago Title. See McCready, 453 F.3d at 891. As to the Holders that are partnerships, it is insufficient to simply allege that none of the partners are citizens of the same states as plaintiffs, the actual citizenship of each partner must be affirmatively alleged. America's Best Inns, Inc. v. Best Inns of Abilene, L.P., 980 F.2d 1072, 1073 (7th Cir. 1992); McNeal, 2006 WL 2038588 at *1; Roper Whitney of Rockford, Inc. v. TAAG Machinery Co., 2003 WL 57029 *1 n.1 (N.D. Ill. Jan. 7, 2003); Pencil Factory Ltd. Partnership v. Barclays Business Credit, Inc., 1993 WL 211380 *1 (N.D. Ill. June 15, 1993); Johns v. Gonzalez, 2005 WL 2898186 *1 (W.D. La. Nov. 1, 2005); Lewis v. Consolidated Freightways Corp. of Delaware, 2005 WL 503317 *1 (E.D. Pa. Feb. 28, 2005); Federal Practice, § 3611 at 517-18. Moreover, allegations as to the partners being or not being residents of particular states are insufficient; domicile determines the citizenship of an individual partner and state of incorporation and principal place of business determines the citizenship of a corporate partner. See Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002); Mifflin v. Clark, 2006 WL 1380017 *1 (S.D. Ill. May 15, 2006); Kabes v. School District of River Falls, 387 F. Supp. 2d 955, 977 (W.D. Wis. 2005); Johns,

allegations in the PAC are insufficient to support that the states of citizenship of the Holders are completely diverse from the states of citizenship of plaintiff. The allegations as to the citizenship of IMC and CEF are sufficient and their citizenship is completely diverse from that of plaintiff.

As to the amount in controversy, the PAC fails to support that the amount in controversy regarding each Holder is $75,000 or more. The jurisdictional amount must be satisfied as to each defendant. Middle Tennessee News Co. v. Charnel of Cincinnati, Inc., 250 F.3d 1077, 1081 (7th Cir. 2001); Motorists Mutual Insurance Co. v. Simpson, 404 F.2d 511, 513 (7th Cir. 1968), cert. denied, 394 U.S. 988 (1969); First Transit, Inc. v. City of Racine, 359 F. Supp. 2d 782, 785 (E.D. Wis. 2005); Morrison v. American Online, Inc., 153 F. Supp. 2d 930, 935 (N.D. Ind. 2001); ITT Commercial Finance Corp. v. Unlimited Automotive, Inc., 814 F. Supp. 664, 667 (N.D. Ill. 1992). The claims that a single plaintiff has against multiple defendants, however, may be aggregated if the defendants are jointly liable for amounts that exceed the jurisdictional requirement. Middle Tennessee, 250 F.3d at 1081; Simpson, 404 F.2d at 513; American Standard Insurance Co. of Wisconsin v. Rogers, 123 F. Supp. 2d 461, 464 (S.D. Ind. 2000); Reason v. General Motors Corp., 896 F. Supp. 829, 831-32 (S.D. Ind. 1995); North American Mechanical Services Corp. v. Hubert, 859 F. Supp. 1186, 1189 (C.D. Ill. 1994);

Corp. v. Hubert, 859 F. Supp. 1186, 1189 (C.D. Ill. 1994); Crocker Commercial Services, Inc. v. Chicago Rim Corp., 546 F. Supp. 94, 95-96 (N.D. Ill. 1982). There is no joint liability that can be aggregated unless there is a common and undivided interest. See Griffith v. Sealtite Corp., 903 F.2d 495, 496-98 (7th Cir. 1990); Rogers, 123 F. Supp. 2d at 466; Crocker, 546 F. Supp. at 95-96; Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice & Procedure: Jurisdiction 3d § 3704 at 128, 141 (1998).

Here, it is not claimed that each of the Holders is jointly liable with the other Holders for the full amount of damages. The joint liability that is alleged is between IMC and each individual Holder.[6] The particular Holder, however, is not alleged to be jointly liable with IMC for the entire $1,000,000. Each particular Holder is alleged to be jointly liable with IMC only for that Holder's proportionate share of damages under the Monitoring Agreement. Where a defendant is alleged to be liable for only a proportionate share or portion of damages, only those damages may be considered in determining whether the jurisdictional amount is satisfied for that particular defendant.

---

[6]Since CEF is alleged to be IMC's alter ego, it is implicitly alleged that CEF is also jointly liable with each individual Holder. Also, as to each set of buildings for which Chicago Title is alleged to be the fee holder, presumably Chicago Title is claimed to be jointly liable with the appropriate beneficial interest holder as regards the proportionate share for that particular set of buildings.

at 466; Hubert, 859 F. Supp. at 1189; Crocker, 546 F. Supp. at 95; Humm v. Lombard World Trade, Inc., 916 F. Supp. 291, 299-300 (S.D.N.Y. 1996); Chase Manhattan Bank, N.A. v. Aldridge, 906 F. Supp. 870, 874-75 (S.D.N.Y. 1995); Reliance Insurance Co. v. Airport Shuttle, Inc., 2004 WL 2984334 *3 (E.D. La. Dec. 16, 2004). This is true even if one defendant is alleged to be jointly liable with another defendant for the proportionate share and the second defendant is also alleged to be liable for additional damages (for which the first defendant is not jointly liable). See First Transit, 359 F. Supp. 2d at 786; Rogers, 123 F. Supp. 2d at 466; Hubert, 859 F. Supp. at 1187, 1189.

Diversity jurisdiction would only exist as to those Holders whose proportionate share of damages exceeded $75,000. Since plaintiff does not allege that this is true as to any particular Holder named as a defendant, leave will not be granted to file the PAC. Plaintiff, however, may file an amended complaint which adds CEF as a defendant. Also, to the extent plaintiff can, as to a particular Holder, (a) affirmatively and sufficiently allege the citizenship of each partner of the Holder[7] and (b) allege, in good faith, that the particular Holder's proportionate share of damages under the Monitoring

---

[7] If the particular Holder or a partner of a Holder is a corporation, plaintiff would have to allege the state of incorporation and principal place of business of that corporation.

Agreement exceeds $75,000, the plaintiff may also include any such Holders in the amended complaint. As previously discussed, it is not possible that the jurisdictional amount is satisfied as to ever Holder. Therefore, if plaintiff's desire is to join every one of the Holders in a single action, the appropriate action to take would be to dismiss the federal action and file an action in state court. Plaintiff should seriously consider its options before filing the amended complaint.

IT IS THEREFORE ORDERED that plaintiff's motion to file First Amended Complaint [29] is denied without prejudice as moot. Plaintiff's amended motion to file First Amended Complaint [36] is granted in part and denied in part. By September 27, 2006, plaintiff may file an amended complaint that is consistent with today's order.

ENTER:

William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: SEPTEMBER 13, 2006